# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EARNEST MOORE,**

      Plaintiff,

v.                                                        Civil Action No. 5:06cv26
                                                                (Judge Stamp)

**UNITED STATES OF AMERICA,**

      Defendant.

## OPINION/REPORT AND RECOMMENDATION

On March 2, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint pursuant to the Federal Tort Claims Act ("FTCA"). In the complaint, the plaintiff asserts that the defendants lost or destroyed some of his personal property when he was transferred to the Special Housing Unit ("SHU") while incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia. On May 10, 2006, the plaintiff was granted permission to proceed as a pauper.

On November 15, 2006, the undersigned conducted a preliminary review of the file pursuant to LR PL P 83.02 and 28 U.S.C. §§ 1915A and 1915(e). Upon review, the undersigned determined that summary dismissal was not warranted at that time and directed the defendants to file an answer to the complaint. On January 19, 2007, the United States filed a Notice of Substitution in which it certified that the individually named federal defendants were acting within the scope of their employment at the time the incidents alleged in the complaint took place. Therefore, the United States sought to substitute itself as the sole defendant in this case under the terms of the FTCA.

On January 23, 2007, the undersigned determined that pursuant to 28 U.S.C. § 2679, the

United States should be substituted as the sole defendant in this case. Thus, the Clerk was directed to terminate the individually named federal defendants from this action and to add the United States as the proper party defendant.

On March 7, 2007, the United States filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. The Court issued a <u>Roseboro</u> Notice on March 12, 2007, advising the plaintiff of his right to file material responsive to the defendant's dispositive motion and advising him of the consequences of failing to do so. The plaintiff's reply was due April 12, 2007. A review of the file shows that as of the date of this Opinion, the plaintiff has failed to file a response.

## I. **The Pleadings**

**A.  The Complaint**

In the complaint, the plaintiff asserts that on or about September 23, 2005, he was taken to the SHU for being out of bounds from his assigned work detail. Upon his release from the SHU four days later, the plaintiff was asked to sign an inventory sheet for his property. The plaintiff asserts that at the time he signed the inventory form, he was not permitted to review his property.

When the plaintiff was later able to fully view his property, he discovered that some of his property was missing and that some had been destroyed. For example, the plaintiff asserts that he was missing legal papers, letters, and pictures of family members. In the complaint, the plaintiff contends that prior to being moved to the SHU, his property was secured in his locker. On information and belief, the plaintiff also asserts that other inmates were permitted to assist in the packing of his property.

As a result of the actions of various prison officials, the plaintiff asserts that he lost and suffered damage to his property. Additionally, the plaintiff asserts that he suffered undue stress and anxiety. Therefore, the plaintiff seeks damages in the amount of $25,000.

**B. The Defendant's Motion**

In response to the complaint, the United States has filed a Motion to Dismiss or, in the Alternative, for Summary Judgment and a Memorandum in Support. In the motion, the defendant asserts that the plaintiff has failed to state a claim pursuant to the FTCA and West Virginia state law. Alternatively, the defendants assert that there is no genuine issue of any material fact and that it is entitled to judgment as a matter of law.

In its memorandum, the defendant asserts that on January 19, 2006, the plaintiff filed an administrative tort claim with the Bureau of Prisons "(BOP") seeking $2000 for a purported loss of personal property upon his transfer to the SHU in September of 2005. On February 3, 2006, the BOP denied the plaintiff's claim because review of the Personal Property Record showed that the plaintiff had signed the form certifying the accuracy of the inventory without noting any discrepancies or any failure to review his property. Furthermore, the BOP noted that during the investigation of the plaintiff's claim, the plaintiff admitted that his locker was unsecured prior to his property being packed.

In response to the claims made in the instant complaint, the respondent asserts that the plaintiff was removed from the general population and placed in the SHU on September 23, 2005. At that time, the plaintiff was the only occupant of his cell. When the plaintiff was transferred to the SHU, all of his property was collected from his cell and moved to the Unit Officer's office to be inventoried. Officer Boggs, the officer who collected and transported the plaintiff's belongings, noted on the property forms that the plaintiff's locker was unsecured at the time his property was collected. In addition, although Officer Boggs began the inventory of the plaintiff's property, because of a shift change, and the enormous amount of property the plaintiff possessed, he was unable to complete the inventory during his shift. Therefore, the plaintiff's inventory was completed

3

by the next shift officer, Officer Cain. In total, the officers completed four property record forms, each signed by the officer who completed the form. The plaintiff's property was then packed and forwarded to the SHU for storage. The defendant asserts that no inmates assisted in the packing of the plaintiff's property.

Next, the defendant asserts that the plaintiff was released from the SHU on September 27, 2005. Upon the plaintiff's release, he signed section 10(b) of the Inmate Personal Property Record form which states:

> Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.

Memorandum (dckt. 27-2) (citing defendant's exhibit 1, Attachments C-F). The defendant asserts that the plaintiff signed this portion of the form without noting any missing or damaged property and without noting that he was not permitted to conduct an appropriate review of property.

Based on these facts, the defendant asserts that:

(1) the plaintiff's claims are frivolous;

(2) the plaintiff fails to show that the actions of the prison officials were negligent;

(3) even if the plaintiff's claim has merit, his recovery is limited to $2000, the amount sought in his administrative tort claim; and

(4) the plaintiff cannot maintain a claim for stress and anxiety because he cannot show a physical injury and because he did not first present this claim to the agency.

## II. Standard of Review

A.  **Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

B.  **Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine

issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### III. Analysis

**A. Amount of Recovery**

Pursuant to 28 U.S.C. § 2675(b), an action under the FTCA "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency . . . "[1] Therefore, the plaintiff in this case is limited to the amount of the claim he presented to the BOP. In this instance, that is $2000. Therefore, the plaintiff's prayer for damages in the amount of $25,000 should be stricken.

**B. Claims of Stress and Anxiety**

Section 1997e(e) of the Prison Litigation Reform Act provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury, suffered while in custody without a prior showing of physical injury." 42 U.S.C.

---

[1] The statute recognizes exceptions for newly discovered evidence or intervening facts which increase the amount of the claim. However, neither of those exceptions apply in this case.

6

§ 1997e(e). In this case, the plaintiff has failed to allege any physical injury as a result of the actions of the defendant. Therefore, the plaintiff is precluded from an award of damages for mental or emotional damages for stress and anxiety. See Page v. Kirby, 314 F.Supp.2d 619, 621-22 (N.D.W.Va. 2004).

**C.  Negligence Claims**

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Because all of the alleged negligent acts occurred in West Virginia, the substantive law of West Virginia governs this case.

In West Virginia,

> every action for damages resulting from injuries to the plaintiff, alleged to have been inflicted by the negligence of the defendant, it is incumbent upon the plaintiff to establish . . . three propositions: (1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) Injuries suffered thereby, resulting proximately from the breach of that duty.

Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W.Va. 1939).

With regard to federal prisoners, the BOP owes a duty to provide suitable quarters, and to provide for the inmates' safekeeping, care, and subsistence. 28 U.S.C. § 4042(a). This duty, similar to the duty of a landowner in West Virginia, has been interpreted as one of "reasonable care." See McNeal v. United States, 979 F.Supp. 431 (N.D.W.Va. 1997); Burdette v. Burdette, 127 S.E.2d 249 (1962). "Negligence is the violation of the duty of taking care under the given circumstances. It is not absolute, but is always relative to some circumstances of time, place, manner, or person." Mallet

7

v. Pickens, 206 W.Va. 145, 155, 522 S.E.2d 436, 446 (1999) (citations omitted).

Because 18 U.S.C. § 4042 recognizes the existence of a duty, the issue in this case is whether the defendant breached such duty and whether such breach was the proximate cause of the plaintiff's loss. In other words, the Court must focus on whether prison officials were negligent in handling the plaintiff's property. Reviewing the facts in the light most favorable to the plaintiff, the Court finds that there was no breach of duty, and even if there was, the plaintiff has waived his claims with regard to the lost property.

The undisputed facts[2] show that the plaintiff was transferred to the SHU on September 23, 2005. That same day, his property was collected from his cell and taken to the Unit Officer's office to be inventoried. At the time the plaintiff was placed in the SHU he had no cellmate. In addition, the officer who collected the plaintiff's belongings from his cell noted that the plaintiff's locker was not secured.

Later that day, the collecting officer also began the process of inventorying the plaintiff's property. However, because of the amount of personal property the plaintiff possessed, the officer was unable to complete the inventory by the end of his shift. Therefore, a second officer completed the inventory of the plaintiff's property. No inmates assisted in the packing or inventorying of the plaintiff's property during the next shift. The plaintiff's property was then packed and secured in

---

[2] Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation.

the SHU.

Accordingly, it is clear that the prison officials responsible for the collecting, inventorying, and securing of the plaintiff's property while he was in the SHU, acted promptly and appropriately in all respects. Thus, the plaintiff has failed to establish that any prison official breached his duty of care and the plaintiff has failed to state a claim for negligence. Moreover, even if there had been a breach of duty, the plaintiff waived his claims with regard to the lost property by signing section 10(b) of the property form. See Wolff v. Hood, 242 F.Supp.2d 811 (D.Ore. 2002); Riley v. United States, 938 F. Supp. 708 (D.Kan. 1996); Taylor v. United States, 2006 WL 1806178 (W.D.Va. June 29, 2006); Deutsch v. United States, 1996 WL 24754 (E.D.Pa. Jan. 23, 1996).

Because the undersigned finds that there was no breach of duty, and that even if there was, the plaintiff waived his right to bring suit, the undersigned will not specifically address the defendant's assertion that the plaintiff's claim is frivolous. However, I will note that it does appear as if the plaintiff has seriously inflated the value of his missing property, and for the reasons set forth by the defendant in its motion, the value of the plaintiff's claim is no more than $300 and his claim is frivolous. See Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004) (courts may consider the de minimus value of a claim as one factor in applying the frivolity test of 28 U.S.C. § 1915(e)(2)(B)(i)); Deutsch v. United States, 67 F.3d 1080, 1081 (3d Cir. 1995) (a claim is frivolous if the amount in controversy is less than the amount of the filing fee so as to dissuade a reasonable paying litigant from filing suit).

### IV.    Recommendation

For the foregoing reasons, it is recommended that the United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 27) be **GRANTED** and that the plaintiff's complaint be **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this Opinion/Repot and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 29, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE