IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EARNEST MOORE,

    Plaintiff,

v.                                          Civil Action No. 5:06CV26
                                                    (STAMP)
UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se plaintiff and federal inmate, Earnest Moore, commenced this action by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. In the complaint, the plaintiff alleges that various individual defendants lost or destroyed some of his personal property when he was transferred to the Special Housing Unit ("SHU") while incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia. The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Magistrate Judge Kaull determined that summary dismissal was not appropriate and directed the defendants to file an answer.

Thereafter, the United States filed a notice of substitution in which it requested that it be substituted as the party defendant in place of the individual defendants named by the plaintiff.

Magistrate Judge Kaull granted the request and substituted the United States as the sole defendant in this case pursuant to the FTCA. See 28 U.S.C. § 2679 (providing that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their employment). The United States then filed a motion to dismiss the complaint or, in the alternative, a motion for summary judgment. A Roseboro notice was issued to the plaintiff advising him of his right to respond to the defendant's motion. The plaintiff did not file a response.

Subsequently, Magistrate Judge Kaull issued a report and recommendation recommending that the plaintiff's complaint be dismissed with prejudice because there is no genuine issue of material fact, and the defendant is entitled to judgment as a matter of law. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. No objections were filed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this case, this Court will review the report and recommendation of the magistrate judge for clear error.

## III. Discussion

Magistrate Judge Kaull found that the plaintiff has failed to show a breach of duty necessary to support his claim that prison officials negligently handled his property while he was in the SHU. Alternatively, the magistrate judge found that even if the plaintiff had presented evidence to support a finding of breach of duty, the plaintiff waived his right to raise any claims regarding lost or damaged property by signing off on the Inmate Personal Property Record upon his release from the SHU without noting any missing or damaged property. These findings are not clearly erroneous.

The undisputed facts[1] reveal that the prison officials responsible for collecting, inventorying, and securing the plaintiff's property while he was in the SHU did not breach their

---

[1] The plaintiff failed to respond to the defendant's motion with counter sworn affidavits or documents setting forth specific facts to support a finding that a genuine issue of material fact is in dispute. Pursuant to Federal Rule of Civil Procedure 56, an adverse party may not depend on the mere allegations of his complaint to counter a motion for summary judgment that is supported by such affidavits or documents. Thus, as noted by the magistrate judge, the Court may declare that the facts in the unopposed affidavits and/or documents have been established as true and that, therefore, no genuine issue of material fact is in dispute.

duty of reasonable care under the given circumstances. Indeed, there is no evidence that the prison officials acted in any way other than promptly and appropriately with regard to the plaintiff's property. A unit officer collected the plaintiff's belongings from his cell on the same day that the plaintiff was transferred to the SHU. The plaintiff's belongings were inventoried by two officers and were then packed and secured in the SHU. No inmates assisted in the packing or inventorying of the plaintiff's property. Accordingly, the magistrate judge's conclusion that the plaintiff has failed to establish a breach of duty on the part of the defendant is not clearly erroneous. The Court also notes that the magistrate judge's finding on the issue of waiver is also without clear error.

## IV. Conclusion

For the above-stated reasons, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. The defendant's motion to dismiss, or in the alternative, motion for summary judgment is GRANTED. Accordingly, it is ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

4

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 24, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE